UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARLY SHORT,**

**Plaintiff,**

Case No.:

**v.**

**CONCENTRIX CORPORATION**
a Foreign Profit Corporation,

**Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CARLY SHORT (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant CONCENTRIX CORPORATION, a Foreign Profit Corporation (hereinafter referred as "CONCENTRIX" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering with Plaintiff's right to medical leave. Defendant also retaliated against Plaintiff by placing her under unwarranted scrutiny and eventually terminating her after her FMLA leave was approved.

The ADAAA provides, in pertinent part, as follows:

(a) General Rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction. A used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –

(5) (A) not making reasonable accommodations to the known physical or mental of an otherwise qualified individuals with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; . . .

42 U.S.C. § 12112(a)-(b).

## PARTIES

1. Plaintiff was an employee of CONCENTRIX for over five (5) years and is a resident of Orange County, Florida.

2. Plaintiff is protected by the ADAAA because she suffers from anxiety and depression:

   a. Was suffering "a physical or mental impairment that substantially limits one or more [of his] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

   b. Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

   c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

3. By the very nature of its work, CONCENTRIX is a corporation that is engaged in an industry affecting commerce.

4. CONCENTRIX employs more than 500 employees.

5. CONCENTRIX employs more than fifty (50) employees within 75 miles of its Orlando facility.

6. Plaintiff is an "employee" as defined by the FMLA.

7. CONCENTRIX is an "employer" as defined by the FMLA.

8. At all times material, Plaintiff was an "employee" of CONCENTRIX as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

9. At all times material, CONCENTRIX was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for CONCENTRIX in Orange County, Florida.

13. CONCENTRIX conducts business in Orange County, Florida and throughout the state.

14. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

15. On or about August 6, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADA). A copy of this Charge, No. 511-2020-04335, is attached hereto as Exhibit A.

16. The EEOC, on or about September 3, 2020, issued to Plaintiff a Dismissal and Notice of Rights as to the Charge attached as Exhibit B.

17. This action is being commenced within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

18. Plaintiff began her employment with CONCENTRIX, in June 2014 as a Senior Advisor.

19. Plaintiff received an hourly sum of $14.50 and worked at least 40 hours per week.

20. Plaintiff was an employee in good standing until she was terminated on or around October 22, 2019.

21. In January 2019, Plaintiff first contacted CONCENTRIX's human resources department about her need for time off work due to medical issues with anxiety and depression.

22. It took multiple requests for the appropriate forms and documentation to be obtained by Plaintiff.

23. By the end of June 2019, Plaintiff also needed surgery to remove an ovarian cyst and would require additional FMLA Leave.

24. Her doctor sent the paperwork to CONCENTRIX on or about June 24, 2019 for intermittent leave for her anxiety and depression issues.

25. Plaintiff's doctor recommended that Plaintiff's employer provider her an accommodation: she work a part time schedule, intermittent time off, and longer time between phone calls.

26. Soon after, the Company intensified the scrutiny on Plaintiff's work, however she was following instructions of being on consultation calls with Tier 1 advisors for 5 minutes at most.

27. The Company finally approved FMLA in September 2019.

28. CONCENTRIX did not want to provide FMLA for both the surgery and depression/anxiety.

29. Plaintiff's supervisor, Latashia Robertson told Plaintiff she should "take some time off" and "get back" when she was healed.

30. On October 22, 2019, only weeks after getting approved for FMLA and explaining the need for time off for removing an ovarian cyst and anxiety/depression, CONCENTRIX terminated Plaintiff.

31. CONCENTRIX's actions interfered with Plaintiff's rights under the FMLA.

32. CONCENTRIX's actions interfered with Plaintiff's rights under the ADAAA.

## COUNT I - INTERFERENCE UNDER THE FMLA

33. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 32 above as if fully set forth herein.

34. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

35. CONCENTRIX was Plaintiff's employer as defined by the FMLA.

36. Plaintiff had a medical condition which qualified under the FMLA.

37. CONCENTRIX' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

38. As a direct, natural, proximate and foreseeable result of the actions of CONCENTRIX, Plaintiff has suffered injuries for which she is entitled to compensation,

including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

39. Plaintiff has no plain, adequate or complete remedy at law for the actions of CONCENTRIX, which have caused and continue to cause irreparable harm.

40. CONCENTRIX' violations of the FMLA were willful.

41. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against CONCENTRIX for their interference with her rights under the FMLA;

b. judgment in her favor and against CONCENTRIX for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of CONCENTRIX' conduct;

c. judgment in her favor and against CONCENTRIX for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against CONCENTRIX for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that CONCENTRIX' practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

42. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 32 above as if fully set forth herein.

43. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

44. CONCENTRIX was Plaintiff's employer as defined by the FMLA.

45. CONCENTRIX discriminated and/or retaliated against Plaintiff because CONCENTRIX knew she was eligible for leave under the FMLA.

46. CONCENTRIX discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

47. CONCENTRIX' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

48. CONCENTRIX' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

49. As a direct, natural, proximate and foreseeable result of the actions of CONCENTRIX, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

50. Plaintiff has no plain, adequate or complete remedy at law for the actions of CONCENTRIX, which have caused and continue to cause irreparable harm.

51. CONCENTRIX' violations of the FMLA were willful.

52. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against CONCENTRIX for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against CONCENTRIX for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of CONCENTRIX' conduct;

c. judgment in her favor and against CONCENTRIX for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against CONCENTRIX for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that CONCENTRIX' practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III - DISABILITY/PERCEIVED DISABILITY DISCRIMINATION

53. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-32 above.

54. Plaintiff's medical conditions and restrictions were a motivating cause of CONCENTRIX's discriminatory behavior towards Plaintiff, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

55. CONCENTRIX's conduct, including but not limited to its encouraging Plaintiff to resign instead of engaging in any dialogue regarding making a reasonable accommodation, discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of employment because of Plaintiff's disability and/or perceived disability.

56. As a natural, proximate and foreseeable result of the actions of CONCENTRIX,

Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

57. The conduct of CONCENTRIX's management was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish CONCENTRIX and to deter it and others from such conduct in the future.

58. The disability discrimination Plaintiff suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against CONCENTRIX.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant CONCENTRIX, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b. Awarding judgment against CONCENTRIX for the back pay and benefits to which Plaintiff would have been entitled but for CONCENTRIX's discriminatory acts;

c. Awarding judgment against CONCENTRIX for compensatory damages;

d. Awarding judgment against CONCENTRIX for punitive damages;

e. Enjoining CONCENTRIX to reinstate Plaintiff to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

f. Awarding Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.       Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

h.       Granting such other and further relief as the Court deems just.

## COUNT IV - RETALIATION IN VIOLATION OF THE ADAAA

60.      Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-32 above.

61.      Plaintiff requested a reasonable accommodation for her disability/perceived disability. This constituted protected activity under the ADAAA.

62.      Plaintiff was terminated within weeks of getting approval for time off to address her medical issues.

63.      As a natural, proximate and foreseeable result of CONCENTRIX's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

64.      The conduct of CONCENTRIX's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish CONCENTRIX and to deter it and others from such conduct in the future.

65.      The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

66.      Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against CONCENTRIX.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.       Permanently enjoining Defendant CONCENTRIX, its officers, agents, servants,

employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

  b. Awarding judgment against CONCENTRIX for the back pay and benefits to which Plaintiff would have been entitled but for CONCENTRIX's retaliatory acts;

  c. Awarding judgment against CONCENTRIX for compensatory damages;

  d. Awarding judgment against CONCENTRIX for punitive damages;

  e. Enjoining CONCENTRIX to reinstate Plaintiff to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

  f. Awarding Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

  g. Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

  h. Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this _2nd_ day of December, 2020.

                Respectfully submitted,
                *s/* **Carlos V. Leach**
                Carlos V. Leach, Esq.
                Fla. Bar No.: 540021
                The Leach Firm, P.A.
                631 S. Orlando Avenue, Suite 300
                Winter Park, Florida 32789
                Direct: (407) 574-4999
                Facsimile: (833) 813-7513
                Primary E-mail: cleach@theleachfirm.com
                Secondary E-mail:
                maugello@theleachfirm.com
                ***Attorneys for Plaintiff***